## IGNACIO GUASP, Plff.,

*v.*

## CONSTRUCTION SUPPLIES CORPORATION OF AMERICA, Dft.

---

San Juan, Law, No. 1481.

REMOVAL OF CAUSES.

Removal—$3,000 Value Must Appear.
    Where an action is begun in the local court and removed to

Guasp v. Construction Supplies Corp.

this court, it must clearly appear that the jurisdictional sum of $3,000 is actually involved; and where doubt appears upon this material element, the duty of the Federal court is to remand the case.

Opinion filed January 11, 1923.

Mr. M. Benitez Flores and Mr. Pedro G. Quiñones for plaintiff.

Mr. H. F. Besosa, attorney for defendant.

ODLIN, Judge, delivered the following opinion:

This case is an extremely peculiar one. The plaintiff originally brought his action in the Insular district court of San Juan, the complaint being presented on February 1, 1921. Thereafter a petition and bond were filed by counsel for the defendant to remove the case to this court, and the record was filed in the office of the clerk on April 14, 1921. Thereafter a motion was made by the plaintiff to remand the case to the Insular court, and the Honorable Peter J. Hamilton, who was judge of this court on April 28, 1921, denied that motion. Thereafter, to wit, on May 7, 1921, after the present judge had taken charge of this court, a motion was filed by the attorney for the defendant that the plaintiff be required to file a bill of particulars. This motion was argued by counsel and granted by me on May 28, 1921. On May 31, 1921, there

Guasp v. Construction Supplies Corp.

was filed not only the bill of particulars but also an amended complaint. On June 13, 1921, there was filed by counsel for the defendant a motion to strike certain matters from various paragraphs or portions of paragraphs of the amended complaint, and on June 18, 1921, the present judge granted that motion and allowed ten days' time to counsel for the plaintiff in which to file a second amended complaint.

It appears from the record that counsel for the plaintiff having failed to receive notice of the hearing on June 18, 1921, requested a reargument of said motion and the court granted this request for a reargument by an order dated June 24, 1921. On July 2, 1921, I signed an order once more granting the motion of defendant to strike certain parts of the amended complaint and once more allowed the plaintiff ten days' time in which to file a second amended complaint, which second amended complaint was filed on July 6, 1921. On July 13, 1921, the attorney for the defendant filed a demurrer to the second amended complaint, which was argued by counsel, and on January 24, 1922, I signed an order sustaining the demurrer to the second amended complaint, but allowed counsel for the plaintiff until the 4th day of February, 1922, in which to file a third amended complaint if he should so desire.

Therefore, to wit; on February 3, 1922, a third amended complaint was filed, and on February 13, 1922, the attorney for the defendant once more filed a demurrer. On June 10, 1922, when counsel for the plaintiff was about to begin his argument in opposition to the demurrer to the third amended complaint he decided not to argue such demurrer but to ask the court for leave to amend § 8 of his third amended com-

plaint. The attorney for the defendant opposed this request. I was of the opinion that the request should be granted, desiring to give to the counsel for the plaintiff all reasonable opportunity to present his case in proper form to this court, and I therefore directed that when § 8 should be amended it should be considered as the fourth amended complaint, and a copy thereof delivered to the counsel for the defendant, and that this should be done within ten days from June 10, 1922.

On June 21, 1922, the fourth amended complaint was filed, and on December 21, 1922, counsel for the defendant once more filed a demurrer, and the attorney for the plaintiff on January 2, 1923, renewed their motion to remand the case to the Insular district court. Upon presentation of this motion the attorney for the defendant asked that the action be dismissed by this court upon the ground that the plaintiff had filed four complaints in this proceeding, and that according to the view of the attorney for the defendant none of these complaints required an answer.

The matter was argued orally by the counsel for both parties, and there have also been filed very carefully prepared briefs which the court has considered, and is now of the opinion that a mistake was made by me when I failed to remand this case to the Insular district court in May, 1921. I am satisfied that this case should not have been removed to this court. It is now apparent to my mind, that, although the plaintiff in his original complaint and in his several amended complaints asks for a judgment exceeding $3,000, each of these complaints shows upon its face that he could not possibly recover over $1,160.23, with interest from and after March 19, 1920. All these various complaints show that the contract between

Guasp v. Construction Supplies Corp.

the plaintiff and the defendant was for no specific period and that it might be canceled by either party on giving 30 days' notice to the other, there being also a specific demand for the sum of $1,160.23, as being claimed and due from the defendant to the plaintiff with a paragraph that the failure on the part of the defendant to pay this claim caused the plaintiff serious economic troubles which he himself estimated in the sum of $5,000.

Being convinced, as I am, that I could not possibly allow a jury to consider evidence in support of this speculative, remote, and imaginary claim of $5,000, but that it would be my duty to limit the evidence of the plaintiff to the specific claim of $1,160.23, it necessarily follows that an error was committed by myself when I did not remand this case to the Insular district court in May, 1921.

In reaching this decision, it is no more than fair to counsel for the defendant that I am in entire accord with the statements of law which have been so clearly set forth in the admirable brief filed by him. It is of course true, as argued by Mr. Besosa, that a plaintiff after his case has been removed to the Federal court, will *not* be permitted to reduce his claim in order to force a remand. Were the case now before me in that situation I would of course retain jurisdiction. But I feel that I must be controlled by a decision of the United States Supreme Court, being the case of North American Transp. & Trading Co. v. Morrison, reported in 178 U. S. page 262, 44 L. ed. 1061, 20 Sup. Ct. Rep. 869. Morrison began an action in a state court (state of Washington), which action the defendant caused to be removed to the Federal court, where there were two trials, and a verdict for the plaintiff was

### Guasp v. Construction Supplies Corp.

followed by a judgment for over $2,000. The Federal judge then questioned whether he had ever actually acquired jurisdiction, it then occurring to the judge for the first time that the action was one which should not have been removed originally from the state court, the allegations of damage being in such form as to disclose on their face their speculative or visionary or remote character. Therefore the United States district judge certified the case directly on his own motion to the Supreme Court by asking three questions as set forth on page 265, and the Supreme Court in answering these questions distinctly decides as follows: "Where the plaintiff asserts, as his cause of action, a claim which he cannot be legally permitted to sustain by evidence, a mere *ad damnum* clause will not confer jurisdiction on the circuit court, but the court on motion or demurrer, or of its own motion, may dismiss the suit. . . . In the circumstances disclosed by the plaintiff's declaration, and in the certificate of the trial judge, the defendant company, though liable in a court of competent jurisdiction for the other claims asserted, cannot be held for the amount of wages or profits which the plaintiff suggests he might have earned had he reached Dawson City."

Thus it seems to me beyond dispute that it is my duty to correct the error I made in 1921 when I declined to remand the case.

Therefore, I now order and direct that this case be remanded to the Insular district court of San Juan, Porto Rico, wherein it was originally filed.

To this ruling counsel for the defendant excepts.

Done and Ordered at San Juan, Porto Rico, this 11th day of January, 1923.